UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

CAMBRIDGE ISOTOPES LABORATORIES, )
INC., )
)
)
Plaintiff and Counterclaim )
Defendant, )
)                Civil Action No. 05-11630-NMG
v. )
)
MEDICAL ISOTOPES, INC. )
)
Defendant, and Counterclaim )
Plaintiff. )
_____)

**MEDICAL ISOTOPES, INC.'S ANSWER AND COUNTERCLAIM**

**ANSWER**

Medical Isotopes, Inc. ("Medical Isotopes") for its Answer to the Complaint filed by

Cambridge Isotopes Laboratories, Inc. ("CIL"), hereby respectfully represents as follows:

**First Defense**

As to the numbered averments of the Complaint, Medical Isotopes:

1.    Admits the allegations of paragraph 1.

2.    Admits the allegations of paragraph 2.

3.    Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 3.

4.    Denies the allegations of paragraph 4 to the extent they are an incomplete

description of Medical Isotopes.

5.    Admits that Medical Isotopes issued a purchase order entitled Purchase Order 1566, but otherwise denies the allegations of paragraph 5.[1]

6.    Regarding the allegations in paragraph 6, states that Purchase Order 1566 speaks for itself.

7.    Regarding the allegations in paragraph 7, states that Purchase Order 1566 speaks for itself.

8.    Denies the allegations of paragraph 8.

9.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.    Denies the allegations of paragraph 10.

11.    Denies the allegations of paragraph 11.

12.    Denies the allegations of paragraph 12.

13.    Denies the allegations of paragraph 13.

14.    Repeats and incorporates by reference its responses in the foregoing paragraphs 1 through 13, inclusive.

15.    Denies the allegations of paragraph 15.

16.    Denies the allegations of paragraph 16.

17.    Denies the allegations of paragraph 17.

18.    Denies the allegations of paragraph 18.

## Second Defense

19.    The Complaint fails to state a claim upon which relief can be granted.

---

[1] Paragraph 5 of the Complaint states that "[a] true and correct copy of the Purchase Order is attached hereto as Exhibit A." However, an "Exhibit A" was not, in fact, attached to the Complaint.

**Third Defense**

20.   The Complaint is subject to the defense of the statute of frauds.

**Fourth Defense**

21.   The Complaint is subject to the defense of failure of consideration.

**Fifth Defense**

22.   The Complaint is subject to the defense that any alleged amendment or

modification of the agreement between the parties by any representative of the defendant was

made without authority to do so.

**Sixth Defense**

23.   The Complaint is barred by the doctrine of estoppel in all forms recognized by

applicable law.

**Seventh Defense**

24.   The Complaint is barred by the doctrine of waiver in all forms recognized by

applicable law.

**Eighth Defense**

25.   CIL has failed to mitigate its alleged damages.

**Ninth Defense**

26.   The Complaint is subject to the defense of mistake.

**Tenth Defense**

27.   The Complaint should be dismissed insofar as the damages claimed are

speculative or conjectural.

**Eleventh Defense**

28.   The Complaint is barred by the doctrine of unclean hands in all forms recognized

by applicable law.

**Twelfth Defense**

29.    The Complaint is subject to the defenses of setoff and/or recoupment.

**Thirteenth Defense**

30.    The Complaint is barred by the defense of laches.

**Fourteenth Defense**

31.    The Complaint should be dismissed insofar as it is inconsistent with the
agreement between the parties.

**Fifteenth Defense**

32.    Granting the relief requested in the Complaint would unjustly enrich CIL.

**Sixteenth Defense**

33.    At all relevant times, Medical Isotopes acted in good faith.

**Seventeenth Defense**

34.    Any alleged damages suffered by CIL were directly and proximately caused by its
own acts or failure to act.

**Eighteenth Defense**

35.    Any alleged damages suffered by CIL were directly and proximately caused by
actions or inactions of parties other than Medical Isotopes.

**Nineteenth Defense**

36.    The Complaint is barred by the doctrine of election of remedies.


WHEREFORE, Medical Isotopes requests that CIL's Complaint be dismissed with
prejudice, that Medical Isotopes be awarded its costs and attorneys' fees incurred in defending
against the Complaint, and that Medical Isotopes be awarded such other and further relief that
the Court deems just and proper.

- 4 -

## COUNTERCLAIM

### Preliminary Statement

1.     Pursuant to Fed. R. Civ. P. 13(a), counterclaimant Medical Isotopes, Inc.

("Medical Isotopes") brings this Counterclaim to recover damages arising from counterclaim

defendant Cambridge Isotopes Laboratories, Inc.'s ("CIL") fraudulent and negligent

misrepresentations, breaches of contract, breaches of the implied covenant of good faith and

fair dealing, and violation of M.G.L. c. 93A, §§ 2, 11.

### Parties

2.     Plaintiff-in-Counterclaim Medical Isotopes is a corporation organized under the

laws of New Hampshire with its principal place of business in Pelham, New Hampshire.

3.     Defendant-in-Counterclaim CIL is a corporation organized under the laws of

Delaware with its principal place of business in Andover, Massachusetts.

### Facts

4.     Medical Isotopes is, among other things, a distributor of stable chemical isotopes

and associated products.

5.     On or about August 21, 2002, the Pennington Biomedical Research Center at

Louisiana State University in Baton Rouge, Louisiana ("Pennington Biomedical"), awarded

Medical Isotopes a contract to supply it with quantities of a chemical isotope known as 10%

Oxygen-18 water ("O-18 water").

6.     Pennington Biomedical intended to use the O-18 water for a medical research

study on human patients funded by the National Institute of Health.  Pennington Biomedical

required strict adherence to a predetermined delivery schedule for the O-18 water because the

study's protocol called for administering doses of O-18 water to participants in the study at

fixed times.

7.    On or about August 15, 2003, Medical Isotopes approached CIL regarding the possibility of CIL supplying Medical Isotopes with O-18 water, which Medical Isotopes would re-sell to Pennington Biomedical.

8.    CIL knew the delivery schedule required by Pennington Biomedical.

9.    In at least eight business transactions before August 15, 2003 between CIL and Medical Isotopes involving the sale of products by CIL to Medical Isotopes, CIL did not require Medical Isotopes to make payment until thirty days after delivery of the product.

10.    On or about August 15, 2003, CIL submitted a quotation to Medical Isotopes (the "August 15, 2003 quotation"). A copy of the August 15, 2003 quotation is attached hereto as Exhibit A. The quotation was signed by Maureen Duffy, CIL's Vice President of Sales and Marketing.

11.    The August 15, 2003 quotation offered to provide Medical Isotopes with O-18 water at a rate of $7,000 per kilogram. The quotation further stated that CIL would deliver the O-18 water to Medical Isotopes according to the following delivery schedule: 1 kilogram from existing stock; 5 kilograms in September 2003; 9 kilograms in November 2003; and 15 kilograms in December 2003.

12.    The August 15, 2003 quotation stated that the payment term was "Net 30 days." In other words, Medical Isotopes was not required to pay for a delivery of O-18 water until thirty days after the delivery.

13.    On or about August 21, 2003, Medical Isotopes submitted to CIL a purchase order (the "August 21, 2003 purchase order") for O-18 water at a price of $7,000 per kilogram. A copy of the August 21, 2003 purchase order is attached hereto as Exhibit B. The August 21, 2003 purchase order set the delivery schedule as follows: 1 kilogram immediately; 5

kilograms in September 2003; 9 kilograms in November 2003; and 15 kilograms in December 2003 (the "Delivery Schedule").

14.    On or about August 25, 2003, Medical Isotopes received from CIL approximately 1 kilogram of O-18 water.

15.    Also on or about August 25, 2003, CIL submitted to Medical Isotopes an invoice (the "August 25, 2003 invoice") in the amount of $7,012.71.  A copy of the August 25, 2003 invoice is attached hereto as Exhibit C.  The August 25, 2003 invoice covered the O-18 water that CIL delivered to Medical Isotopes on or about that day.  The August 25, 2003 invoice recognized that CIL was obligated to make further deliveries of O-18 water in accordance with the Delivery Schedule set forth in the August 21, 2003 purchase order.

16.    The August 25, 2003 invoice stated that the payment term for the invoice was "Net 30 days."

17.    Medical Isotopes paid the August 25, 2003 invoice in full prior to the expiration of the "30 days" stated therein.  Medical Isotopes made this payment by check dated September 8, 2003.  A copy of the September 8, 2003 check is attached hereto as Exhibit D.

18.    On or about September 10, 2003, CIL submitted to Medical Isotopes an invoice (the September 10, 2003 invoice") in the amount of $35,135.35.  A copy of the September 10, 2003 invoice is attached hereto as Exhibit E.  The September 10, 2003 invoice covered 5 kilograms of O-18 water that CIL delivered to Medical Isotopes on or about September 11, 2003.  The September 10, 2003 invoice recognized that CIL was obligated to make further deliveries of O-18 water in accordance with the Delivery Schedule set forth in the August 21, 2003 purchase order.

19.   The September 10, 2003 invoice stated that the payment term for the invoice was "Net 30 days."

20.   Medical Isotopes paid the September 10, 2003 invoice in full prior to the expiration of the "30 days" stated therein. Medical Isotopes made this payment by certified check dated September 8, 2003. A copy of the September 8, 2003 certified check is attached hereto as Exhibit F.

21.   On or about October 29, 2003, Medical Isotopes paid $14,057.92 to CIL. This amount was prepayment for 2 of the 9 kilograms of O-18 water that CIL was contractually required to deliver to Medical Isotopes in November 2003. Medical Isotopes made this payment by credit card. Medical Isotopes was not contractually required to make this payment before CIL delivered the O-18 water.

22.   Notwithstanding CIL's contractual obligation to deliver 9 kilograms of O-18 water to Medical Isotopes in November 2003, CIL refused to deliver the full 9 kilograms unless Medical Isotopes paid for the entire amount in advance of delivery. CIL delivered to Medical Isotopes only the 2 kilograms of O-18 water for which Medical Isotopes prepaid on October 29, 2003.

23.   CIL initially refused to acknowledge Medical Isotopes' October 29, 2003 credit card payment. After Medical Isotopes provided CIL with documentation showing the October 29, 2003 credit card payment, CIL rejected Medical Isotopes' offer to pay by credit card the remaining 7 kilograms due in November 2003 in advance of delivery.

24.   CIL made no further deliveries of O-18 water to Medical Isotopes in November 2003 or thereafter.

25.    Medical Isotopes has suffered damages as a direct and proximate result of CIL's acts and omissions.

### Claims for Relief

### Count I

### (Breach of Contract)

26.    Medical Isotopes incorporates the allegations of paragraph 1 through 25 above as if fully set forth herein.

27.    Medical Isotopes has fully performed all of its contractual obligations.

28.    By failing to deliver the O-18 water to Medical Isotopes, CIL breached its contractual obligation to deliver O-18 water in accordance with the Delivery Schedule set forth in the August 21, 2003 purchase order.

29.    Medical Isotopes has been damaged by CIL's breach of this contractual obligation.

### Count II

### (Breach of Contract)

30.    Medical Isotopes incorporates the allegations of paragraph 1 through 29 above as if fully set forth herein.

31.    By refusing to deliver O-18 water to Medical Isotopes unless Medical Isotopes paid in advance, CIL breached its contractual obligation to allow Medical Isotopes to make payments within thirty days of delivery.

32.    Medical Isotopes has been damaged by CIL's breach of this contractual obligation.

## Count III

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

33.    Medical Isotopes incorporates the allegations of paragraph 1 through 32 above as if fully set forth herein.

34.    By its acts and omissions described above, CIL breached the implied covenant of good faith and fair dealing that is implied in every contract.

35.    Medical Isotopes has been damaged by CIL's breach of the implied covenant of good faith and fair dealing.

## Count IV

### (Violation of M.G.L. c. 93A, §§ 2, 11)

36.    Medical Isotopes incorporates the allegations of paragraph 1 through 35 above as if fully set forth herein.

37.    The transactions giving rise to this Counterclaim took place substantially in the Commonwealth of Massachusetts.

38.    CIL engaged in commerce within the meaning of M.G.L. c. 93A, §§ 2, 11.

39.    CIL engaged in unfair or deceptive trade acts in violation of M.G.L. c. 93A, §§ 2, 11, by its acts and omissions described above.

40.    CIL acted knowingly and/or willfully in its acts and omissions described above.

41.    As a direct and proximate result of CIL's actions, Medical Isotopes has suffered damages in an amount to be determined at trial.  CIL is also liable for treble damages for its willful and knowing violation of M.G.L. c. 93A, §§ 2, 11, and is liable for Medical Isotopes' attorney's fees.

## Count V

### (Fraudulent Misrepresentation)

42.    Medical Isotopes incorporates the allegations of paragraph 1 through 41 above as if fully set forth herein.

43.    CIL represented in the August 15, 2003 quotation signed by CIL's Vice President of Sales and Marketing, that it could provide Medical Isotopes with the quantities of O-18 water in accordance with the delivery schedule set forth therein.  At the time CIL made this representation, CIL knew that the representation was false.

44.    CIL intended that Medical Isotopes rely on the representations made in the August 15, 2003 quotation.

45.    Medical Isotopes reasonably relied on the representations CIL made in the August 15, 2003 quotation.

46.    Medical Isotopes has been damaged by CIL's fraudulent misrepresentations.

## Count VI

### (Negligent Misrepresentation)

47.    Medical Isotopes incorporates the allegations of paragraph 1 through 46 above as if fully set forth herein.

48.    CIL represented in the August 15, 2003 quotation signed CIL's Vice President of Sales and Marketing, that it could provide Medical Isotopes with the quantities of O-18 water in accordance with the delivery schedule set forth therein.  At the time CIL made this representation, CIL knew and/or should have known that the representation was false.

49.    CIL intended that Medical Isotopes rely on the representations made in the August 15, 2003 quotation.

50.    Medical Isotopes reasonably and/or justifiably relied on the representations CIL made in the August 15, 2003 quotation.

51.    CIL failed to exercise reasonable care and/or competence in making the representations contained in the August 15, 2003 quotation.

52.    Medical Isotopes has been damaged by CIL's negligent misrepresentations.


WHEREFORE, Medical Isotopes respectfully requests that the Court enter judgment in its favor and against CIL:

(a)    awarding damages against CIL in amounts to be determined at trial;

(b)    awarding treble damages and attorney's fees for violation of M.G.L. c. 93A, §§ 2, 11, by CIL;

(c)    awarding pre-judgment interest and post-judgment interest at the maximum legal rate through the date of repayment;

(d)    otherwise awarding Medical Isotopes its attorney's fees and costs incurred in this matter; and

(f)    granting such other and further relief as may be just and proper.


Dated:  August 11, 2005.

Respectfully submitted,

MEDICAL ISOTOPES, INC.

By its attorneys,

Kenneth S. Leonetti (BBO #629515)

- 12 -

Andrew B. Loewenstein (BBO #648074)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts  02210-2600
Tel. (617) 832-1000
Fax (617) 832-7000

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of August, 2005, a true and correct copy of the foregoing was served on counsel of record by hand delivering a copy of same properly addressed, to:

Claire S. Bishop, Esq.
Foley & Lardner
111 Huntington Avenue
Boston, MA 02119


Andrew B. Loewenstein

B3079927.2

08/15/2003 06:30 FAX 19787492765        CIL, Inc

✗001



# QUOTATION

**Cambridge Isotope Laboratories, Inc.**

50 Frontage Road, Andover, MA 01810-5413 USA
PH: 800.322.1174 (USA) PH: 978.749.8000
FAX: 978.749.2768 URL: http://www.isotope.com

ERIC STOHLER
MEDICAL ISOTOPES

9 VALLEYVIEW ROAD
PELHAM, NH  03076
USA

PH 603-635-1722  FX 603-635-1280
ACCOUNT #    030760

| | |
|---|---|
| No.: | DH-1423 |
| Date: | 08/15/03 |
| Terms: | Net 30 Days |
| F.O.B.: | ANDOVER |
| | (unless otherwise noted) |

We are pleased to quote as follows:

Page:  1

| Quantity | Description | | Unit Price (US$) | Amount (US$) |
|---|---|---|---|---|
| 40,000 GRAMS | OLM-240-10-0 | WATER: (18O, 10%) | 7.00 | 280,000.00 |
| | | DELIVERY SCHEDULE AS FOLLOWS: | | |
| | | 1 KG STOCK | | |
| | | 5 KG, SEPTEMBER 2003 | | |
| | | 9 KG, NOVEMBER 2003 | | |
| | | 15 KG, DECEMBER 2003 | | |
| | | 10 KG,  JANUARY-FEBRUARY 2004 | | |
| | | IF DELIVERY FOR ANY OF THE ABOVE CAN BE EXPEDITED, CIL WILL ADVISE AVAILABILITY. | | |
| | | QUOTED BY MAUREEN DUFFY, V.P. OF SALES & MARKETING | | |

This quotation is valid for 90 days unless stated otherwise. The chemical purity of CIL products is 98%+ unless otherwise noted. For additional information and quantity discounts, please contact your sales representative within the United States at 1-800-ISOTOPE (800-476-3873) and in Canada at 1-800-643-7239.

By: _Maureen A. Duffy_

# ███ Medical Isotopes, Inc.

**9 Valleyview Road**
Pelham, NH 03076 U.S.A.
Tel: 603 635-1722
Fax: 603 635-1280
E-Mail:stohler@medicalisotopes.com
www.medicalisotopes.com

# PURCHASE ORDER

**Number: 1566**

**Date: 08-21-03**

**To:**
Ms. Liz Adams
Cambridge Isotope Laboratories, Inc.
50 Frontage Road
Andover, MA 01810-5413
Tel: 978-749-8000
Fax: 978-749-2768

**Ship To:**
Barbara Lentz      Telephone: 603 635-1722
Medical Isotopes, Inc.
9 Valleyview Road
Pelham, NH 03076  USA

**Bill To:**
Accounts Payable
Medical Isotopes, Inc.
9 Valleyview Road
Pelham, NH 03076  USA

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|
| 30 Kg | $H_2O^{18}$  Enrichment:  10 atom %<br><br>Delivery Schedule to be as follows:<br><br>• 1Kg now<br>• 5Kg , September 2003<br>• 9Kg November, 2003<br>• 15Kg December, 2003<br><br>If you can deliver larger quantities before December, we would welcome it. | $7000/Kg | $210,000.00 |
| We are looking forward to doing business with you. | | **TOTAL** | **$210,000.00** |

Eric Stohler

*Eric Stohler*

_____
**Authorized Signature**

If you have any questions concerning this purchase order, please call: (603) 635-1722 or e-mail stohler@medicalisotopes.com



**INVOICE NO.**
739830

### Cambridge Isotope Laboratories, Inc.

50 Frontage Road, Andover, MA 01810-5413 USA
PH: 800.322.1174 (USA) PH: 978.749.8000
FAX: 978.749.2768 URL: www.isotope.com
030760

# INVOICE

<table>
<tr><td>S O L D   T O</td><td>MEDICAL ISOTOPES<br>ACCOUNTS PAYABLE<br>9 VALLEYVIEW ROAD<br>PELHAM, NH  03076<br>USA</td><td>S H I P   T O</td><td>MEDICAL ISOTOPES<br>9 VALLEYVIEW ROAD<br>PELHAM, NH  03076<br>USA<br>ERIC STOHLER 603-635-1722</td></tr>
</table>

| ORDER NO. | PURCHASE ORDER NO. | SHIP VIA | PKGS PPD | DATE SHIPPED | TERMS | INVOICE DATE | PAGE |
|---|---|---|---|---|---|---|---|
| CD-H8715 | 1566 | UPS Ground | | 08/25/03 | Net 30 Days | 08/25/03 | |

| QTY ORDERED | QTY SHIPPED | QTY BACK ORDERED | CATALOG NO/DESCRIPTION | | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| 673 | 673 | | OLM-240-10-0<br>WATER<br>(18O, 10%) | GRAMS | 7.00 | 4,711.00 |
| 324 | 324 | | OLM-240-10-0<br>WATER<br>(18O, 10%) | GRAMS | 7.00 | 2,268.00 |
| 5,000 | | 5,000 | OLM-240-10-0<br>WATER<br>(18O, 10%) | GRAMS | | |
| 9,000 | | 9,000 | OLM-240-10-0<br>WATER<br>(18O, 10%) | GRAMS | | |
| 15,000 | | 15,000 | OLM-240-10-0<br>WATER<br>(18O, 10%) | GRAMS | | |
| 1 | 1 | | 33210<br>TRANSPORTATION - OUT | | 33.71 | 33. |

pd - # 3149

| | | |
|---|---|---|
| ***Make Check Payable To:*** | Cambridge Isotope Laboratories, Inc.<br>*or* | |
| ***Bank Wire Transfer To:*** | Sovereign Bank of New England<br>ABA# 011075150  Account#: 84992011357 | |
| ***Account Name:*** | Cambridge Isotope Laboratories  Disbursement Account | |

F.I.N. 04-2950751                    *Thank You*

| | |
|---|---|
| SALE AMOUNT | 7,012 |
| MISC CHARGES | 0 |
| SALES TAX | 0 |
| FREIGHT & HANDLING | 0 |
| **TOTAL** | 7,01 |

MEDICAL ISOTOPES, INC.
9 VALLEYVIEW RD.
PELHAM, NH 03076-3025
(603) 635-1722

3149

Fleet 52200
Small Business Services
smallbiz.fleet.com Lowell, MA
5-13/110

9/8/2003

PAY TO THE
ORDER OF    Cambridge Isotope Laboratories, Inc.                    $ **7,012.71

Seven Thousand Twelve and 71/100**                                           DOLLARS

MEMO    O-18 water - Invoice 739830

⑈003149⑈  ⑆011000138⑆  00774 6593 ⑈                    ⑆0000701271⑈

INVOICE NO.
740793



## Cambridge Isotope Laboratories, Inc.

50 Frontage Road, Andover, MA 01810-5413 USA
PH: 800.322.1174 (USA)  PH: 978.749.8000
FAX: 978.749.2768  URL: www.isotope.com
030760

# INVOICE

| | |
|---|---|
| S O L D T O | MEDICAL ISOTOPES<br>ACCOUNTS PAYABLE<br>9 VALLEYVIEW ROAD<br>PELHAM, NH  03076<br>USA |
| S H I P T O | MEDICAL ISOTOPES<br>9 VALLEYVIEW ROAD<br>PELHAM, NH  03076<br>USA<br>ERIC STOHLER 603-635-1722 |

| ORDER NO. | PURCHASE ORDER NO. | SHIP VIA | PKGS | PPD | DATE SHIPPED | TERMS | INVOICE DATE | PAGE |
|---|---|---|---|---|---|---|---|---|
| CD-H8715 | 1566 | UPS Ground | | | 09/10/03 | Net 30 Days | 09/10/03 | 1 |

| QTY ORDERED | QTY SHIPPED | QTY BACK ORDERED | CATALOG NO/DESCRIPTION | | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|
| 673 | | | OLM-240-10-0<br>WATER<br>(18O, 10%) | GRAMS | | |
| 324 | | | OLM-240-10-0<br>WATER<br>(18O, 10%) | GRAMS | | |
| 5,000 | 5,000 | | OLM-240-10-0<br>WATER<br>(18O, 10%) | GRAMS | 7.00 | 35,000.00 |
| 9,000 | | 9,000 | OLM-240-10-0<br>WATER<br>(18O, 10%) | GRAMS | | |
| 15,000 | | 15,000 | OLM-240-10-0<br>WATER<br>(18O, 10%) | GRAMS | | |
| 1 | 1 | | 33210<br>TRANSPORTATION - OUT | | 135.35 | 135.3 |

*35,000 was prepaid.*
*Balance due is 135.35* → *pd. #43186*
*9/29/03*

| | | |
|---|---|---|
| **Make Check Payable To:** | Cambridge Isotope Laboratories, Inc.<br>*or* | |
| **Bank Wire Transfer To:** | Sovereign Bank of New England<br>ABA# 011075150  Account#: 84992011357 | |
| **Account Name:** | Cambridge Isotope Laboratories  Disbursement Account | |

I.N. 04-2950751

*Thank You*

| | |
|---|---|
| SALE AMOUNT | 35,135. |
| MISC CHARGES | 0. |
| SALES TAX | 0. |
| FREIGHT & HANDLING | 0. |
| **TOTAL** | 35,135. |

■ CITIZENS BANK

CERTIFIED CHECK

Date _9 . 18 . 03_

Bank/Branch _0301471_

AMOUNT DEBITED $ _35,000.00_

Check Date _9/8/2003_

Check # _1304_

APPR. BY _Sue White_

Check Amt. $ _35,000.00_

Fee Amt. $ _20.00_

PREP. BY _Sue White_

Check Payee _Cambridge Isotope Labs Inc_

Requested By _Sue Stabler_

We will retain the check which this voucher covers when presented for payment. Should you require the check, it will be necessary to present this voucher.

Name _Medical Isotopes Inc_

Address _9 Valley View Rd_
_Pelham, NH 03076_

DEBIT ACCT. | _3 304 80 629_

F067 10/97

⑆500000003⑆    ⑈33048 0806 29⑈    ⑇24,    ⑆000 350 2000⑆