UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAMBRIDGE ISOTOPES LABORATORIES, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> MEDICAL ISOTOPES, INC., <br><br> Defendant and Counterclaim Plaintiff | Civil Action No. 05-11630-NMG |

## ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Cambridge Isotopes Laboratories, Inc. ("CIL") answers the Counterclaims of Defendant and Counterclaim Plaintiff Medical Isotopes Laboratories ("Medical Isotopes") through counsel as follows:

1. The allegations in paragraph 1 set forth legal conclusions, which require no response.

2. CIL admits the allegations of paragraph 2.

3. CIL admits the allegations of paragraph 3.

4. CIL lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 4.

5. CIL lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 5.

6. CIL lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 6.

7. CIL admits that Medical Isotopes approached CIL regarding the possibility of purchasing O-18 water. CIL is without knowledge and information sufficient to a belief about the truth of the allegations regarding Pennington Biomedical.

8. CIL denies the allegations of paragraph 8.

9. CIL admits the allegations of paragraph 9. Answering further, CIL states that the transactions before August 15, 2003 were below the established credit limit, and thus, did not require pre-payment.

10. CIL admits the allegations in the first and second sentences of paragraph 10. The allegations in the third sentence of paragraph 10 purport to summarize a document, the terms of which speak for themselves. Answering further, CIL states that the August 15, 2003 quotation (the "August 15th Quotation") was superseded by a quotation from CIL on August 19, 2003 (the "August 19th Quotation"). A copy of the August 19th Quotation and fax confirmation page is attached hereto as Exhibit A.

11. The allegations in paragraph 11 purport to summarize a document, the terms of which speak for themselves. Answering further, CIL states that the August 15th Quotation was superseded by the August 19th Quotation.

12. The allegations in the first sentence of paragraph 11 purport to summarize a document, the terms of which speak for themselves. The allegations in the second sentence of paragraph 12 set forth legal conclusions, which require no response. Answering further, CIL states that the August 15th Quotation was superseded by the August 19th Quotation, which stated that the payment term was "prepaid or a letter of credit."

027.169931.3

13. CIL admits the allegations in the first two sentences of paragraph 13. The allegations in the third sentence of paragraph 13 purport to summarize a document, the terms of which speak for themselves.

14. CIL admits the allegations in paragraph 14, except CIL lacks knowledge or information sufficient to form a belief as to the truth of when Medical Isotopes received the shipment.

15. CIL admits the allegations in the first two sentences of paragraph 15. The allegations in the third sentence of paragraph 15 purport to summarize a document, the terms of which speak for themselves. The allegations in the fourth sentence of paragraph 15 set forth legal conclusions, which require no response. Answering further, CIL states that all deliveries were made in accordance with the schedule, until the order was cancelled by Medical Isotopes.

16. The allegations in paragraph 16 purport to summarize a document, the terms of which speak for themselves. Answering further, CIL states that it informed Medical Isotopes that the next scheduled delivery had to be pre-paid, in accordance with the August 19th Quotation.

17. CIL admits the allegations in paragraph 17. Answering further, CIL states, on information and belief, that Medical Isotopes paid the invoice on September 8, 2003 because payment of the August 25, 2003 invoice was required before the next scheduled shipment, which was on September 8, 2003.

18. CIL admits the allegations in the first two sentences of paragraph 18. The allegations in the third sentence of paragraph 18 purport to summarize a document, the terms of which speak for themselves. The allegations in the fourth sentence of paragraph 18 set forth legal conclusions, which require no response. Answering further, CIL states that the September

10, 2003 invoice was pre-paid and all remaining scheduled deliveries were to be made in accordance with the payment terms of the August 19th Quotation.

19. The allegations in paragraph 19 purport to summarize a document, the terms of which speak for themselves. Answering further, CIL states that pre-payment was received on September 8, 2003, in accordance with the terms of the August 19th Quotation.

20. The allegations in the first sentence of paragraph 20 purport to summarize a document, the terms of which speak for themselves. CIL admits the allegations in the second and third sentence of paragraph 20. Answering further, CIL states that pre-payment was received on September 8, 2003, in accordance with the terms of the August 19th Quotation.

21. CIL admits the allegations in the first sentence of paragraph 21. The allegations in the second sentence of paragraph 21 set forth legal conclusions, which require no response. CIL admits the allegations in the third sentence of paragraph 21. The allegations in the fourth sentence of paragraph 21 set forth legal conclusions, which require no response. Answering further, CIL states that Medical Isotopes was required to pre-pay for all shipments, in accordance with the terms of the August 19th Quotation.

22. The allegations in the first sentence of paragraph 22 set forth legal conclusions, which require no response. CIL admits it refused to deliver the full 9 kilograms unless Medical Isotopes pre-paid the full amount of the delivery, in accordance with the terms of the August 19th Quotation. CIL admits the allegations in the second sentence of paragraph 22. Answering further, CIL states that pre-payment was required before shipment, in accordance with the terms of the August 19th Quotation.

23. CIL denies the allegations of paragraph 23.

24. CIL admits the allegations of paragraph 24. Answering further, CIL states that it made no further shipments, as Medical Isotopes refused to pre-pay in accordance with the terms of the August 19th Quotation. Additionally, on or about November 12, 2003, Medical Isotopes cancelled the remainder of the order in breach of its contract with CIL and informed CIL that they were ordering the remaining O-18 water from another supplier, Marshall Isotopes, Ltd., at a lower price.

25. CIL denies the allegations of paragraph 25.

## COUNT I

26. CIL repeats and incorporates by reference its responses in the foregoing paragraphs 1-25, inclusive.

27. CIL denies the allegations of paragraph 27.

28. CIL denies the allegations of paragraph 28.

29. CIL denies the allegations of paragraph 29.

## COUNT II

30. CIL repeats and incorporates by reference its responses in the foregoing paragraphs 1-29, inclusive.

31. CIL denies the allegations of paragraph 31.

32. CIL denies the allegations of paragraph 32.

## COUNT III

33. CIL repeats and incorporates by reference its responses in the foregoing paragraphs 1-32, inclusive.

34. CIL denies the allegations of paragraph 34.

35. CIL denies the allegations of paragraph 35.

## COUNT IV

36. CIL repeats and incorporates by reference its responses in the foregoing paragraphs 1-35, inclusive.

37. CIL denies the allegations in paragraph 37.

38. CIL admits the allegations in paragraph 38.

39. CIL denies the allegations of paragraph 39.

40. CIL denies the allegations of paragraph 40.

41. CIL denies the allegations of paragraph 41.

## COUNT V

42. CIL repeats and incorporates by reference its responses in the foregoing paragraphs 1-41, inclusive.

43. CIL admits the allegations of the first sentence of paragraph 43. CIL denies the allegations of the second sentence of paragraph 43. Answering further, CIL states that the August 15th Quotation was superseded by the August 19th Quotation, but the delivery schedule remained the same.

44. CIL denies the allegations in paragraph 44. Answering further, CIL states that the August 15th Quotation was superseded by the August 19th Quotation.

45. CIL lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 45 and, on that basis, denies them.

46. CIL denies the allegations of paragraph 46.

## COUNT VI

47. CIL repeats and incorporates by reference its responses in the foregoing paragraphs 1-46, inclusive.

48. CIL admits the allegations of the first sentence of paragraph 48. CIL denies the allegations of the second sentence of paragraph 48. Answering further, CIL states that the August 15th Quotation was superseded by the August 19th Quotation, but the delivery schedule remained the same.

49. CIL denies the allegations in paragraph 49. Answering further, CIL states that the August 15th Quotation was superseded by the August 19th Quotation.

50. CIL lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 50 and, on that basis, denies them.

51. CIL denies the allegations of paragraph 51.

52. CIL denies the allegations of paragraph 52.

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Medical Isotopes has suffered no damages, as it purchased equivalent products from Marshall Isotopes Ltd. at a lower price than it was obligated to pay for the product under the Contract with CIL.

## THIRD AFFIRMATIVE DEFENSE

The Counterclaim must be dismissed as Medical Isotopes comes before the Court with unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Medical Isotopes suffered damages, which CIL expressly denies, any such damages must be set off by the damages suffered by CIL.

### FIFTH AFFIRMATIVE DEFENSE

The counterclaims should be dismissed insofar as they are inconsistent with the agreement between the parties, as evidenced by the August 19th Quotation.

### SIXTH AFFIRMATIVE DEFENSE

Granting the relief requested in the Counterclaim would unjustly enrich Medical Isotopes.

### SEVENTH AFFIRMATIVE DEFENSE

CIL acted in good faith at all time with regard to the conduct and activities alleged in the Counterclaim.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged damages suffered by Medical Isotopes, which CIL expressly denies, were directly and proximately caused by its own acts or failure to act.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaim fails due to the operation of the statute of frauds.

### TENTH AFFIRMATIVE DEFENSE

Medical Isotopes' claims are barred in whole or in part by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

CIL performed any and all obligations required of it under the Contract.

### TWELFTH AFFIRMATIVE DEFENSE

Any additional performance claimed to be due from CIL to Medical Isotopes was excused due to Medical Isotopes' repudiation of the Contract.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's removal to this Court was improper, as this Court does not have subject matter jurisdiction, and this matter should therefore be remanded to state court.

Respectfully submitted,

CAMBRIDGE ISOTOPES LABORATORIES, INC.

By its attorneys,


\_\_/s/ Claire S. Bishop_____
Lawrence M. Kraus, BBO No. 564561
Claire S. Bishop, BBO No. 660363
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000

Dated:  August 30, 2005

9

# **EXHIBIT A**

Case 1:05-cv-11630-NMG   Document 3-2   Filed 08/30/2005   Page 1 of 3

027.171349.1

# QUOTATION

**Cambridge Isotope Laboratories, Inc.**

50 Frontage Road, Andover, MA 01810-5413 USA
PH: 800.322.1174 (USA)  PH: 978.749.8000
FAX: 978.749.2768  URL: http://www.isotope.com

ERIC STOHLER
MEDICAL ISOTOPES

9 VALLEYVIEW ROAD
PELHAM, NH  03076
USA

PH 603-635-1722  FX 603-635-1280
ACCOUNT #    030760

No.: DH-1423

Date: 08/19/03



Terms: Prepaid
Or a letter of credit

F.O.B.: ANDOVER
(unless otherwise noted)

We are pleased to quote as follows:

Page: 1

| Quantity | Description | Unit Price (US$) | Amount (US$) |
|---|---|---|---|
| 40,000 GRAMS | REVISED 8/19/03<br>OLM-240-10-0  WATER<br>(18O, 10%)<br><br>DELIVERY SCHEDULE AS FOLLOWS:<br><br>1 KG STOCK<br>5 KG, SEPTEMBER 2003<br>9 KG, NOVEMBER 2003<br>15 KG, DECEMBER 2003<br>10 KG,  JANUARY-FEBRUARY 2004<br><br>IF DELIVERY FOR ANY OF THE ABOVE CAN BE EXPEDITED,<br>CIL WILL ADVISE AVAILABILITY.<br><br><br>QUOTED BY MAUREEN DUFFY, V.P. OF SALES & MARKETING | 7.00 | 280,000.00 |

This quotation is valid for 90 days unless stated otherwise. The chemical purity of CIL products is 98%+ unless otherwise noted. For additional information and quantity discounts, please contact your sales representative within the United States at 1-800-ISOTOPE (800-476-8673) and in Canada at 1-800-643-7239.

By: _Maureen A. Duffy_

08/19/2003 08:16 FAX 19787492768         CIL,Inc                              ☒001

```
********************
***  TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO                  1770
CONNECTION TEL                      16036351280
SUBADDRESS
CONNECTION ID
ST. TIME                  08/19 08:15
USAGE T                   00'36
PGS. SENT                    1
RESULT                    OK
```